NORTH CAROLINA                        IN THE GENERAL COURT OF JUSTICE
                                                                             SUPERIOR COURT DIVISION
GUILFORD COUNTY                                   18CVS 3825

JUNE CHO,                                  )
             Plaintiff,                          )
                                        )
vs.                                         )           COMPLAINT
                                        )
DUKE UNIVERSITY and MARILYN    )
HOCKENBERRY,                 )
                                        )
            Defendants.                     )

Plaintiff, complaining of the acts of Defendants, alleges and states that:

1. Plaintiff was at all times relevant herein a resident of Orange County, North Carolina.

2. Upon information and belief, Defendant Duke University is a Corporation, organized under the laws of the State of North Carolina with a principal place of business in Durham County, North Carolina. The Defendant is engaged in the business of providing educational services to consumers and employs agents and servants in the provision of its services.

3. Upon information and belief, Defendant Marilyn Hockenberry is a citizen and resident of Orange County, North Carolina. At all times relevant herein she was an employee and agent of Defendant Duke University.

<u>FIRST CAUSE OF ACTION: DEFAMATION DUE TO HOCKENBERRY CONDUCT</u>

4. On or about July, 2015, Plaintiff was hired by Defendant Duke University as an associate professor. As part of her duties, Plaintiff performed both teaching and research activities on the campus.

5. Upon information and belief, the individual Defendant Hockenberry was at all times relevant herein an agent of the corporate Defendant and responsible for the supervision of Plaintiff's position in her duties as Associate Dean of Research Affairs.

6. Upon information and belief, from early 2016 and continuing to date, Defendant Hockenberry, within the scope and course of her employment, without any excuse or justification, willfully, unlawfully, and maliciously designing and intending to injure the Plaintiff in her good name and reputation, in the presence of diverse persons and in a public manner, charged and accused Plaintiff of physically dangerous behavior as well as incompetence and mismanagement in the performance of her duties with Duke University, plainly meaning thereby that Plaintiff is not qualified to perform the duties of her profession.

7. That on or about April, 2017, Plaintiff's colleagues, including Dr. Im, were warned by Defendant Hockenberry that Plaintiff would become physically dangerous to them when she becomes angry.

8. All of said language and charges were false and untrue and were known to Defendant Hockenberry to be untrue at the time the statements were made or were made with reckless disregard for whether they were true or false.

9. The statements concerning Plaintiff were slanderous per se because they disparage Plaintiff's professional reputation.

10. The statements were calculated and intended to injure the Plaintiff in her good name and reputation among her friends, acquaintances, and colleagues, including diverse persons who were present and heard said slanderous, wanton, unlawful, and malicious statements and accusations of Defendant Hockenberry, some of whom are known to Plaintiff; and to hold Plaintiff up to public contempt and ridicule, thereby adversely affecting her reputation and attempting to ruin her character; and with the intention to deprive Plaintiff of the respect, confidence and esteem essential to Plaintiff's profession.

11. Plaintiff is informed and believes, and therefore alleges that said false and defamatory statements about Plaintiff continue to be made by Defendant Hockenberry to many of Plaintiff's friends, acquaintances, and colleagues.

12. By reason of the unjust, wanton, malicious, false and slanderous language willfully, deliberately, and recklessly used by the Defendant Hockenberry, acting as stated above, of and concerning the Plaintiff, Plaintiff has suffered and still suffers deep humiliation, mental agony, and chagrin therefrom; she was greatly and seriously injured in her name and professional reputation on account of the false accusations of the Defendant Hockenberry, spoken of and concerning her and has been wrongfully damaged thereby and has sustained actual compensatory damages to her reputation as well as reduced earnings and wages in a sum in excess of $25,000.00.

13. The false, slanderous, wanton, and malicious language used by the Defendant Hockenberry as stated above, of and concerning the Plaintiff, was uttered with actual malice or was published with a reckless disregard for the truth and thus entitles Plaintiff to recover of the Defendant Hockenberry punitive damages.

## SECOND CAUSE OF ACTION: INJUNCTION TO HOCKENBERRY

14. The allegations contained in paragraphs one through thirteen are realleged and incorporated herein by reference as though fully set forth.

15. That due to Plaintiff's need to maintain employment and her standing in the community, it is imperative that the Defendant Hockenberry cease any derogatory or defamatory comments regarding Plaintiff.

16. That Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief is the only means for securing adequate relief.

17. That Plaintiff will suffer irreparable harm if the requested relief is not granted.

### THIRD CAUSE OF ACTION-TORTIOUS INTERFERENCE WITH CONTRACT BY HOCKENBERRY

18. The allegations contained in paragraphs one through seventeen are realleged and incorporated herein by reference as though fully set forth.

19. That on or about early 2016, Defendant Hockenberry contacted Plaintiff's employer with an untruthful allegation of improper performance of her research duties and initiated an audit of the project in the fall of 2016. The effect of these actions by Defendant Hockenberry was to essentially prevent the research from moving forward.

20. That the audit vindicated Plaintiff on or about February of 2017 but the damage was already done and Defendant Duke rejected the National Institute of Health funding for Plaintiff's project two and one half years prior to the end of the grant period.

21. Upon information and belief, on or about March, 2017, Defendant Hockenberry initiated an investigation and alleged that Plaintiff had committed a protocol violation while training a doctoral student to work on her project.

22. Further that Defendant Duke then revoked Plaintiff's Primary Investigator status.

23. That the above stated statements were false and were known to be false at the time they were was made to Plaintiff's employer. Further, Defendant Hockenberry had no probable cause to believe that the statements were true.

24. That said conduct was done intentionally, or with a reckless disregard for the rights of the Plaintiff. Moreover, the actions were taken within the course and scope of the employment of the relevant individuals.

25. That, upon information and belief, as a result of said conduct, Plaintiff's employment with the employer was jeopardized. Her contract was cancelled on or about April 17, 2017 and her position with Defendant Duke is scheduled to end June 30, 2018.

26. That Defendant Hockenberry tortiously interfered with the employment relationship between the Plaintiff and her employer.

27. That as a direct and proximate result of this conduct, the Plaintiff has suffered great mental anguish, embarrassment, harm to reputation, emotional distress, reduced earnings, and has otherwise been injured in amount in excess of $25,000.00.

28. That the above-described acts or omissions, or failure to perform on the part of the Defendant Hockenberry constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates a reckless and wanton disregard of the Plaintiff's rights.

29. That as a result of said conduct, Plaintiff is entitled to recover of Defendant Hockenberry punitive damages in an amount in excess of $25,000.00.

## FOURTH CAUSE OF ACTION-NATIONAL ORIGIN DISCRIMINATION BY DUKE

30. The allegations contained in paragraphs one through twenty nine are realleged and incorporated herein by reference as though fully set forth.

31. That after Plaintiff was hired, she worked very diligently and learned the specific operations of Defendant Duke's research and teaching programs to the best of her ability. Throughout her employment with Defendant Duke, she performed her positions diligently and with the best interests of the Defendant Duke and her students in mind. Upon information and belief, Plaintiff was performing her duties at or above the level of other employees with the same experience and tenure with Defendant Duke.

32. That Plaintiff reported her concerns about the hostile working environment and national origin discrimination on several occasions. These concerns were first reported in 2016 and escalated to efforts to impede her research in the fall of 2016. Despite her reporting these concerns and pursuing the internal grievance process in March, 2017, no remedies were offered to her. Upon information and belief, Defendant Duke intentionally failed to investigate Plaintiff's concerns of discrimination and hostile work environment by her managers and their efforts to interfere with the performance of her duties.

33. That Plaintiff began to receive additional disciplinary actions for allegedly engaging in improper research protocols and training of doctoral students and ultimately, cancellation of her research funding and employment contract (March, 2017). The grant was declined by Defendant Duke despite the NIH's continued support of Plaintiff's grant on or about May, 2017.

34. That the termination of Plaintiff's employment contract in March, 2017 was treated differently than other faculty as the notifications of renewal or non-renewal are received in the month of June, not March.

Case 1:18-cv-00288-WO-JLW   Document 7   Filed 04/13/18   Page 4 of 7

35. That, upon information and belief, she was subjected to a higher level of scrutiny than coworkers outside of the protected class which led to the cancellation of her principal investigator status on or about May, 2017 and an adverse performance evaluation in 2017.

36. That communication by management personnel, acting within the course and scope of their duties, was reduced with Plaintiff and other Korean-born employees as compared to those born in the United States. The effect of said reduced communication was to impede the performance of Plaintiff's duties and research. For example, when Plaintiff wanted to expand her research grant to include work with another university, she received no support and was not able to do so despite agreement with the other university in this proposal. Another example was a failure to respond to Plaintiff's request to work with another professor in their research with animals rather than humans.

37. Upon information and belief, management personnel, acting within the course and scope of their employment, were more critical of the performance of Korean-born employees in the department than those employees born in the United States.

38. At all times relevant herein, Plaintiff's supervisors that criticized her performance, denied her continued research and employment opportunities, and terminated her employment contract, were agents of Defendant Duke, duly authorized and acting within the scope of their employment. Moreover, upon information and belief, they were all of American national origin.

39. That Plaintiff expressed her concerns about national origin discrimination and retaliation in the workplace as well as her objection to the alleged basis for the termination of her contract to said supervisors.

40. The conduct of Defendant Duke, as alleged herein, not only violates Title VII of the Civil Rights Act of 1964, as amended, but also violates the public policy of the State of North Carolina and North Carolina General Statutes Section 143-422.1 et seq.

41. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant Duke with retaliation and national origin discrimination in its decision to terminate her employment contract, in the denial of opportunities, and with respect to the hostile environment created while so employed. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. On or about December 12, 2017, Plaintiff was issued a right to sue letter on said charge of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

42. Said retaliation and national origin discrimination, creation of a hostile environment, and subsequent termination of Plaintiff's employment by Defendant, by and through its duly authorized agents is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and benefits and emotional distress.

5

WHEREFORE, Plaintiff prays the Court that she have and recover of the Defendants as follows:

1. A judgment against the Defendants, jointly and severally, in excess of $25,000.00, plus interest, as actual, compensatory damages as hereinbefore set out for damages;

2. That the Court enter an Injunction precluding the Defendants from slandering or defaming the Plaintiff's reputation;

3. The costs of this action, including reasonable attorney's fees; and

4. Such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

6

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Margaret Hoover* ☑ Agent ☐ Addressee<br>B. Received by (Printed Name) Margaret Hoover C. Date of Delivery 3-14-18 |
| 1. Article Addressed to:<br>Duke University<br>c/o Pamela J. Bernard, reg agent<br>310 Blackwell St. 4th floor<br>Durham, NC 27701 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9403 0705 5196 2351 94 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☑ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7015 0640 0003 1549 2920 | |

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

RECEIVED

MAR 1 4 2018

UNIVERSITY COUNSEL OFFICE