UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Case No.: 1:18cv00288

| | |
|---|---|
| JUNE CHO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Plaintiff's Supplemental Memorandum |
| | ) per Judge Osteen's Order of October 3, 2019 |
| DUKE UNIVERSITY and MARILYN HOCKENBERRY, | ) |
| | ) |
| Defendants. | ) |

COMES NOW Plaintiff, by and through counsel, and files this Supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgment regarding her Defamation Claims pursuant to the Order of the Honorable William Osteen dated October 3, 2019.

## I. STATEMENT OF THE FACTS

Plaintiff's prior submissions and deposition transcript present her position at this point of the litigation. Thus, the salient points will not be repeated at this time.

## II. QUESTIONS PRESENTED

1. Should the Court retain ancillary jurisdiction of the remaining claims?

2. Is Dr. Im's statement regarding adverse career impacts from association with Plaintiff proof of defamation under North Carolina Common Law?

3. Is Dr. Im's statement cited above admissible in evidence?

# III. LEGAL ARGUMENTS

A. The Court should decline supplemental jurisdiction once the Title VII claims are resolved.

With the dismissal of the Title VII claims in this matter, there are no remaining federal questions for review by this Court.  Subsequent to the Defendants' removal of the case to this Court on Title VII federal question jurisdiction, it now appears that remand to the North Carolina State Court system is appropriate.  The Congress has provided the following statutory guidance to courts to assist in making remand determinations:

> ( c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims, over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> 28 U.S.C. § 1367 (2019)

While the Court has authority to exercise jurisdiction over the remaining claims,  in this case, the Court should not exercise supplemental jurisdiction as the factors presented by 29 U.S.C. §1367( c) recommend.  A Court "enjoy[s] wide latitude in determining whether

or not to retain jurisdiction over state claims." Shanaghan v. Cahill, 58 F.3d 106,110 (4th Cir. 1995)  The policies supporting this decision are clear in that the state courts are more familiar with the common law of their respective states which places them in the best position to apply their case law to such causes of action.  See  United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966); Austin v. City of Montgomery, Case No. 05-16737, 2006 WL 2219726, *6 (11th Cir. Aug. 2, 2006) Remand is especially applicable when the original action was filed in state court, only transferred to the federal court system due to a federal question, and no federal questions remain in the action.  Hinson v. Norwest Financial South Carolina, Inc., 239  F.3d 611  (4th Cir. 2001)

At this point in the litigation, there are no exceptional circumstances or novel legal issues to be determined warranting this Court's exercise of ancillary jurisdiction.  The dispute hinges on whether a reasonable person would consider the statements and actions of the Defendants legally actionable under the common law of North Carolina.

B. The pleadings and evidence presented support a claim for defamation under North Carolina's common law.

The prima facie proof scheme of an action for defamation requires allegations that a false, defamatory statement was made, concerning the plaintiff, and published to a third person, and that the statement caused injury to the plaintiff. Phillips v. Winston-Salem/Forsyth County Board of Education, 117 N.C. App. 274; 450 S.E.2d 753 (1994). Slander per se is an oral communication to a third person which amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2) an

3

allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease. Raymond U v. Duke University, 91 N.C.App. 171, 371 S.E.2d 701, disc. review denied, 323 N.C. 629, 374 S.E.2d 590 (1988). In U, the statements were that plaintiff was "a liar, deceitful, absolutely useless, and does not have a Ph.D., and was a fraud...." and made by a colleague. Id. at p. 709. The Court held that statements concerning the plaintiff's academic credentials amounted to allegations that impeached plaintiff in his profession. Due to Plaintiff's membership on Duke's faculty and as a research scientist, Plaintiff depended on her reputation and her status with colleagues to properly perform her work.

Creating a reputation for adversely impacting the careers of colleagues should they associate with Plaintiff is clearly defamatory and slander per se under North Carolina common law. The Court in Tallent stressed that actionable statements must be clear and not be susceptible to two meanings. Tallent v. Blake, 57 N.C.App. 249, 291 S.E.2d 336 (1982) The statement by Dr. Hockenberry at issue in this supplemental memorandum unequivocally holds Plaintiff out to a colleague as someone to be avoided and detrimental to one's career. There can be no non-defamatory meaning to such a statement.

C.  The Federal Rules of Evidence support admissibility of Plaintiff's statement.

Rule 801 indicates that a statement made by an employee on an issue within the scope of his/her employment is not hearsay. Fed. R. Evid. 801(d)(2)(D) (2019) Further, one may consider the statement by Dr. Hockenberry to fall under the excited utterance exception or the then existing emotional condition exception of Rule 803. Fed. R. Evid.

4

803 (2) and (3) (2019) So long as the statement that is perceived as hearsay within hearsay as alleged by Defendants in this action falls within one of the exceptions, that statement will be admissible under Rule 805. Fed. R. Evid. 805 (2019). Often borderline statements that may not fit squarely within the enumerated exceptions contained in the above stated rules do comport with Rule 807's residual exceptions clause. Fed. R. Evid. 807 (2019). This rule applies in the current matter due to the trustworthiness of the statement under the totality of the circumstances and it is more probative than other evidence currently available. Fed. R. Evid. 807(a)(1) and (2) (2019).

One may not expect the statement to have been addressed by Dr. Im in the statement presented previously as these matters are not of the same import to her as they are to the Plaintiff. However, Dr. Hockenberry, a Defendant in this action, had the benefit of Plaintiff's deposition transcript prior to submitting her affidavit and she did not deny the statement.

The testimony of Plaintiff has been consistent throughout this case. Important issues of credibility have been raised in this case and such issues of witness credibility are better suited to determination at trial rather than the Court upon a motion for summary judgment. See, Herold v. Hajoca Corp., 864 F.2d 317 (4th Cir. 1988). For the purposes of responding to the Motion for Summary Judgment, under Rule 56(c)(2), the statement has sufficient trustworthiness and meets several of the hearsay exceptions so as to be admissible for the purposes of the motion and for trial.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court remand the remaining cause of action to the Superior Court of North Carolina and allow the matter to proceed to trial on the merits.

Respectfully submitted, this the _____6th_____ day of October, 2019.

/s/Nancy P. Quinn,
Attorney for Plaintiff
NC State Bar No.:16799
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072
Email: npquinn@thequinnlawfirm.com

# CERTIFICATE OF COMPLIANCE

The undersigned Counsel for Plaintiff certifies that, pursuant to Local Rule 7.3(d), the foregoing brief contains less than 6,250 words as reported by the word processing software.

This the _6th___ day of October, 2019.

> /s/Nancy P. Quinn
> Nancy P. Quinn,
> Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Plaintiff's Supplemental Memorandum in Opposition to the Defendants' Motion for Summary Judgment was served on the Defendants electronically through the CM/ECF system addressed as follows:

>Robert A. Sar
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>4208 Six Forks Road, Suite 1100
>Raleigh, NC 27609
>E-mail: robert.sar@ogletreedeakins.com

This the  6th  day of October, 2019.

>/s/Nancy P. Quinn,
>Attorney for Plaintiff
>NC State Bar No.:16799
>315 Spring Garden St., Suite 1D
>Greensboro, NC 27401
>Telephone: (336) 272-9072
>Email: npquinn@thequinnlawfirm.com