IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JUNE CHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00288-WO-JLW |
| | ) | |
| DUKE UNIVERSITY and MARILYN | ) | |
| HOCKENBERRY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' SUPPLEMENTAL BRIEF

Defendants Duke University ("Duke") and Marilyn Hockenberry ("Hockenberry") (collectively "Defendants") file this supplemental brief pursuant to Court's October 3, 2019 Order. (D.E. 35).[1]

### I.       The Alleged Statement  Fails to State a Claim for Defamation

To prove her claim, Plaintiff must show that Dr. Hockenberrry made a false, defamatory statement of or concerning her, which was published to a third person, causing injury to Plaintiff's reputation.  *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006).

---

[1] The defamation claim is plead only against Dr. Hockenberry.

1

## A. The Alleged Statement Cannot Be Proven False

North Carolina requires that a defamatory statement be false and not merely an opinion. *See Renwick v. News & Observer*, 310 N.C. 312, 319, 312 S.E.2d 405, 410 (1984) ("Although every defamation must be false, not every falsehood is defamatory."); *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29, 568 S.E.2d 893, 897 (2002) ("In order to recover for defamation, a plaintiff must allege, [inter alia, that the defendant] ma[de] false, defamatory statements."); *Hanton v. Gilbert*, 126 N.C. App. 561, 569, 486 S.E.2d. 432, 437 (1997) ("In order to be actionable, a defamatory statement must be false."); *Martin Marietta Corp. v. Wake Stone Corp.*, 111 N.C. App. 269, 276, 432 S.E.2d 428, 433 (1993) ("'[D]efamatory statements [in a libel action] must be false in order to be actionable.'"(citation omitted)); *Andrews v. Elliot*, 109 N.C. App. 271, 274, 426 S.E.2d 420, 432 (1993) ("To be actionable, a defamatory statement must be false . . . ."); *Clark v. Brown*, 99 N.C. App. 255, 260-61, 393 S.E.2d 134, 137 (1990) (discussing what "false words" constitute libel per se); *Kwan-Sa You v. Roe*, 97 N.C. App. 1, 12, 387 S.E.2d 188, 193 (1990) (equating a "statement . . . libel per se" with "'a false written statement which on its face is defamatory . . . .'" (quoting *Robinson v. Nationwide Ins. Co.*, 273 N.C. 391, 393, 159 S.E.2d 896, 899 (1968)); *Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 79 N.C. App. 51, 58, 338 S.E.2d 918, 922 (1986) ("Falsity is an essential element of libel."); *Gibby v. Murphy*, 73 N.C. App. 128, 132, 325 S.E.2d 673, 676 (1985) ("The allegations . . . were libel per se, if a jury found them to be false."); *Boston v. Webb*, 73 N.C. App. 459-60, 326 S.E.2d 104, 106 (1985) ("These statements, if found false by a jury, constituted libel per se."); *Williams v. State Farm Mutual Automobile Ins.* Co., 67 N.C. App. 271, 274, 312

2

S.E.2d 905, 907 (1984) ("To be actionable, the statement must be false."); *Morrow v. Kings Dept. Stores, Inc.*, 57 N.C. App. 13, 20, 290 S.E.2d 732, 736 (1982) ("A defamatory statement, to be actionable, must be false . . . ."); *Brown v. Boney*, 41 N.C. App. 636, 648, 255 S.E.2d 784, 791 (1979) ("If the plaintiff's [libel] case is to succeed, he must show the factual statements made concerning him were false.").

Plaintiff cannot show that Dr. Hockenberry's words were false because the words express an opinion. This language, as with all opinions, is not actionable because it cannot be proven true or untrue. *Lewis v. Rapp*, 220 N.C. App. 299, 304, 725 S.E.2d 597, 602 (2012). The question of whether a statement constitutes fact or opinion is a question of law. *Desmond v. The News and Observer Publishing Co., et al.,* 241 N.C. App. 10, 772 S.E.2d 128, 135 (2015).

Numerous courts hold that a statement advising to "stay away" from an individual is not sufficient to support a claim for defamation. *See Bell v. United Parcel Serv.*, Inc., 2000 WL 274274, at *3 (N.D.Tex. Mar.10, 2000) (instructions to stay away from someone, standing alone, are not defamatory; however, they merely express an opinion and do not constitute a false statement.); *see also Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2010 WL 5776058, at *6 (N.D. Tex. Nov. 30, 2010), report and recommendation rejected, No. 3:10-CV-1197-G BH, 2011 WL 477282 (N.D. Tex. Feb. 8, 2011) (manager's instruction to hourly employees to "stay away from [plaintiff]" not sufficient to state a claim for defamation because statement merely expressed an opinion.); *see also Marshall Investments Corp. v. R.P. Carbone Co.*, No. 05-6486, 2006 WL 2644959 (E.D. La. Sept. 13, 2006) (statement to "stay away from the project" because the plaintiff was a "bad

3

person" insufficient to state a defamation claim); *see also CMP, LLC v. Ry. Spine Prods.*, LLC, No. CV 16-6850, 2016 WL 5803141, at *4 (E.D. La. Oct. 5, 2016) ("When one suggests that he had a bad experience dealing with another person, clearly this is an evaluative statement reflecting his view; a paradigm of opinion. This statement, which conveys no facts, is merely a comment that is not capable of being objectively characterized as true or false.").

Dr. Hockenberry's alleged statement is an opinion which conveys no facts and therefore cannot be disproven. *See Daniels v. Metro Magazine Holding Co.*, 179 N.C. App. 533, 634 S.E.2d 586 (2006) (holding that rhetorical hyperbole and expressions of opinion not asserting provable facts are protected speech); *see also Collins v. TIAA-CREF*, No. 3:06cv304, 2009 WL 3077555, at *10 (W.D.N.C. Sept. 23, 2009) (finding statements that that the plaintiff "was miserable, hated her life and job, and had a 'dark aura'" were "incapable of factual validation, being mere opinion" and thus not "defamation under North Carolina law"). Thus, according to well-settled law, the alleged statement of Dr. Hockenberry cannot be defamatory.

### B. The Alleged Statement is not About Plaintiff

The defamatory words "must refer to some ascertained or ascertainable person and that person must be the plaintiff." *Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452, 456 (1979). Here, the alleged statement refers to Dr. Im, not to Dr. Cho. (Cho Dep. p. 141:20-25). The words advise Dr. Im to stay away from Dr. Cho, and that "nothing will help [Dr. Im]" by keeping a relationship with Dr. Cho. The statement makes no factual allegation about Dr. Cho. Instead, it is advice for Dr. Im. The alleged statement, on its face, does not

4

"prejudice [Plaintiff's] reputation, office, trade, business or means of livelihood or hold [her] up to disgrace, ridicule or contempt." *Griffin v. Holden*, 180 N.C. App. 129, 135, 636 S.E.2d 298, 303 (2006). Accordingly, the statement is not concerning the Plaintiff sufficient to support a claim for defamation.

### C.     The Alleged Statement is Privileged

North Carolina law recognizes that certain communications such as the alleged statement are privileged.  A qualified privileged communication:

> is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.

*Schult v. Int'l Bus. Machines Corp.*, 2003 WL 24046341, *5 (E.D.N.C. 2003). The privilege broadly includes intra-corporate statements made in connection with a termination and in day-to-day business activities involving employees. *Id.* (supervisor's statements about employee performance and other "business related matters" were protected by qualified privilege); *see also Long v. Vertical Technologies, Inc.,* 113 N.C. App. 598, 439 S.E.2d 797, 800 (1994) (statements made during staff meeting regarding reasons two employees were terminated were protected by qualified privilege); *Hanton v. Gilbert*, 126 N.C. App. 561, 568, 486 S.E. 2d 432, 437 (1997) (because employer "had an interest in the smooth running and morale of his department", statements made "to protect against the undermining of employee morale" were protected by qualified privilege) (abrogated on other grounds).

5

Here, the alleged communication addressed business activities. There are no comments (or evidence of any kind) permitting an inference of actual malice, and Dr. Cho has not presented any such evidence. Dr. Hockenberry has a *bona fide* interest in ensuring the department ran smoothly, and her alleged statement seeks to achieve that goal. Thus, the alleged statement made to Dr. Im falls squarely within the purview of the privilege and Plaintiff's claim fails.

## II.    The Alleged Statement is Inadmissible

Summary judgment should be granted for Dr. Hockenberry because no competent evidence of the alleged statement exists. Dr. Cho provides no actual evidence of the statement, but instead surmises that she "think[s]" a statement as made. A defamation claim relying solely on self-serving, uncorroborated statements cannot survive a motion for summary judgment. *Collins v. TIAA-CREF* No. 306CV304RJC, 2009 WL 3077555, at *10 (W.D.N.C. Sept. 23, 2009), *aff'd*, 386 F. App'x 409 (4th Cir. 2010); *see also Southprint, Inc., v. H3, Inc.* Fed. App'x. 249, 255 (4th Cir.2006).

In *Collins v. TIAA-CREF*, the plaintiff alleged multiple defamatory statements were made by her co-workers and supervisor. However, she failed to provide any evidence of the statements outside of her own pleadings and her own deposition testimony. She alleged that certain people were present to hear the statements, but she did not provide affidavit or deposition testimony from the individuals to show that they heard any of the statements. The court found that "there is little difference between a plaintiff's complaint and a plaintiff's deposition testimony that simply reiterates the complaint," and "conclusory allegations in her pleadings, and deposition, without more, fail to present evidence from

6

which a reasonable jury could find from a preponderance of the evidence that the statements were even spoken, much less published to others in establishing a claim for defamation." *Id.* at 10.

Similarly, in *Southprint, Inc., v. H3, Inc.*, the Fourth Circuit affirmed the District Court's grant of summary judgment on the plaintiff's defamation claim because the plaintiff failed to put forth evidence to corroborate the alleged statements. Fed. App'x. 249, 255 (4th Cir.2006). The Court explained:

> McGhee's alleged statement to Hurst about Southprint's licenses does not create a genuine issue of material fact because there is no evidence that McGhee actually made the statement. The only references to the statement outside Southprint's complaint are found in the depositions of McGhee and Hurst. Unsurprisingly, McGhee denies ever making the statement. Hurst denies ever hearing it. At this stage of the litigation, Southprint cannot prevail solely on the basis of its pleading but must present specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. It has not done so here.

*Id.*

## III. This Court Should Not Exercise Supplemental Jurisdiction of Plaintiff's State-Law Defamation Claim for Trial

Because this claim has been fully briefed and argued to this court for summary judgment, the court should rule on the merits of the claim for summary judgment in the interests of judicial economy.  However, if the court denies the motion for summary judgment, the Court should decline to exercise supplemental jurisdiction over Plaintiff's defamation claim for trial.

28 U.S.C. § 1367(c) authorizes a federal court to remand cases removed from state court.  In exercising this authority, a district court must decide "whether to continue

exercising federal jurisdiction over pendent claims [or] whether to remand the case to State court." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). District courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when no federal claims remain. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (Trial courts have wide discretion to "retain jurisdiction over state claims when all federal claims have been extinguished."). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. *See Boone v. Duke Energy Carolinas*, LLC, 2009 WL 3839342 (W.D.N.C. Nov. 12, 2009). The Supreme Court has recognized that where a single federal claim is dismissed early in an action, the District Court has a "powerful reason to choose not to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

In determining whether to retain jurisdiction, district courts consider "the convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110; *see also Cohill*, 484 U.S. at 350. Here, the four factors support the conclusion that the Court should not exercise supplemental jurisdiction over Plaintiff's defamation claim at trial.

## CONCLUSION

For the reasons stated therein, the alleged statement is not sufficient to state a claim for defamation under North Carolina law and Defendants should be granted summary judgment.

8

Respectfully submitted this 7th day of October, 2019.

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

**/s/ Robert A. Sar**
Robert A. Sar, N.C. Bar No. 22306
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Telephone: 919.787.9700
Facsimile: 919.783.9412
E-mail: robert.sar@ogletreedeakins.com
*Attorney for Defendant Duke University and Marilyn
Hockenberry*

9

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **Defendants' Supplemental Brief at the Request of the Court** has been electronically filed with the Clerk of Court using the CM/ECF system which will notify the following individual:

Nancy P. Quinn
315 Spring Garden Street, Suite 1D
Greensboro, NC 27401
npquinn@triadbiz.rr.com
*Attorney for Plaintiff*

This the 7th day of October, 2019.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

**/s/ Robert A. Sar**
Robert A. Sar, N.C. Bar No. 22306
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Telephone: 919.787.9700
Facsimile: 919.783.9412
E-mail: robert.sar@ogletreedeakins.com
*Attorney for Defendant Duke University and Marilyn Hockenberry*

40244900.1

10